**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
Civil No. 10-mc-044 (ADM/FLN)**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| WERNER G. REMMEN, | ) |
| | ) |
| Respondent. | ) |

**REPORT AND RECOMMENDATION**

This summons enforcement matter came on for a hearing before the undersigned Magistrate Judge on September 13, 2010 in connection with an Order to Show Cause issued on July 19, 2010. (Doc. No. 2.) Counsel for Respondent appeared at the hearing and indicated no objection to entry of an order enforcing the summons at issue. For the reasons that follow, I recommend that the relief requested by the government be granted, and that the summons at issue be enforced.

**FACTUAL BACKGROUND[1]**

In furtherance of an Internal Revenue Service ("IRS") investigation into the collectability of tax liabilities of Respondent Werner G. Remmen, on September 30, 2009, Revenue Officer Pamela Owens served a summons on Respondent. The summons sought testimony and the production of documents relating to the collection of Respondent's tax

---

[1] The factual information reflected in this Report and Recommendation is taken from the Declaration of Pamela Owens attached to the government's petition; from the text of the subpoena itself; and other evidence of record in this matter.

1

liability for tax years 1997 through 2008. Respondent was instructed to come in and appear before Ms. Owens on October 30, 2009.

Mr. Remmen did not appear at the scheduled meeting, although his Power-of-Attorney, Manly A. Zimmerman (who is counsel for Mr. Remmen in this case), made various communications to Ms. Owens in response to the summons. The agency issued a "last chance" letter to Mr. Remmen on January 29, 2010, instructing him to appear before Ms. Owens on February 17, 2010. Mr. Remmen again failed to appear at the meeting, based on representations by Mr. Zimmerman that Mr. Remmen had no income for the years in question and possessed no documents or information that he could provide in response to the summons.[2]

On July 14, 2010, the United States petitioned this Court for the enforcement of the IRS summons. (Doc. No. 1.) The undersigned Magistrate Judge issued an Order to Show Cause, requiring Respondent to appear before the Court to explain why he should not be compelled to obey the summons and ordering him to file and serve a written response to the petition setting forth any defenses or motions at least five business days before the scheduled hearing. Respondent did not submit anything in writing, but Mr. Zimmerman filed an appearance on his behalf the week before the scheduled hearing.

**ANALYSIS**

Section 7602 of Title 26 of the United States Code (part of the Internal Revenue Code) authorizes the IRS to summon certain persons and data "for the purpose of

---

[2] Mr. Zimmerman did prepare an income tax return for 2005 on behalf of Mr. Remmen based on information provided to him by Ms. Owens at this time.

determining the liability of any person for any internal revenue tax . . . or collecting any such liability." Federal district courts have jurisdiction to enforce such a summons pursuant to 26 U.S.C. § 7604. Enforcement of a summons under § 7604 is appropriate where the record shows that "the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed." United States v. Powell, 379 U.S. 48, 57-58 (1964). The Commissioner may establish a *prima facie* case for enforcement of a summons by a "minimal showing of good faith compliance with summons requirements." United States v. Norwood, 420 F.3d 888, 892 (8th Cir. 2005) (internal quotations and citation omitted). Such good faith can be demonstrated by the affidavit of an IRS agent. Id.

The United States has met the requirements for the summons to be enforced pursuant to 26 U.S.C. § 7604. Specifically, the declaration of Revenue Officer Owens establishes that the testimony and documentation requested are necessary and appropriate for enforcement of the internal revenue laws and that the books, papers, records and other data sought are not already in possession of the agency. According to the declaration, no criminal referral has been made to the Department of Justice concerning Respondent, and all administrative steps required for issuance of the summons were taken. Jurisdiction and venue are proper, as the record reflects that Respondent resides in Golden Valley, Minnesota. See also 26 U.S.C. § 7402. This is sufficient to meet the government's burden to make out a *prima facie* case that enforcement is appropriate. See United States v. Fond Du Lac Reserv. Bus. Committee, 906 F. Supp. 523, 527 (D. Minn. 1995).

Respondent has not contested the government's factual allegations, either in writing or at the hearing. Those allegations are therefore deemed admitted, and Respondent has failed to meet the "heavy" burden necessary to overcome the government's *prima facie* case of enforceability. Norwood, 420 F.3d at 893.

Indeed, at the hearing, counsel for the government and for Respondent represented that Messrs. Remmen and Zimmerman had attended a meeting the previous week at the U.S. Attorney's office to exchange information, that the Respondent had agreed to entry of the order sought in the petition, and that the parties had agreed upon specific categories of documents and information still to be provided by Mr. Remmen in order to fully comply with the summons. According to counsel at the September 13 hearing, those categories include (1) bank records for the years in question pertaining to Mr. Remmen personally and to any trusts or other entities over which he has signature authority; and (2) a list of individuals who have lent Mr. Remmen money during the years in question, along with their addresses and telephone numbers.

# RECOMMENDATION

Based on the foregoing, it is recommended that the Court enter an Order directing the Respondent, Werner G. Remmen, within 60 days:

1. to obey every requirement of the IRS summons issued to him on September 30, 2009 to the extent not yet complied with;

2. specifically, within 60 days, to provide to Revenue Officer Pamela Owens at the IRS offices at 6200 Shingle Creek Parkway, Suite 610, Brooklyn Center, Minnesota, 55430, the remaining categories of documents and information agreed upon by the parties on September 10, 2010 – namely, (1) bank records for the years in question pertaining to Mr. Remmen personally and to any trusts or other entities over which he has signature authority; and (2) a list of individuals who have lent Mr. Remmen money during the years in question, along with their addresses and telephone numbers.

Entered this 24th day of September, 2010.

BY THE COURT:

s/ *Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **October 8, 2010**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and

Recommendation, the party making the objections shall timely order and cause to be filed by **October 8, 2010,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.